(163 App. Div. 374)

HILL v. GUARANTY TRUST CO. OF NEW YORK et al.   (No. 6055.)

(Supreme Court, Appellate Division, First Department.   July 10, 1914.)

1. CONVICTS (§ 3*)—LIFE CONVICT—PROPERTY RIGHTS.
     A life convict, though civilly dead, is nevertheless not deprived of his property rights.
     [Ed. Note.—For other cases, see Convicts, Cent. Dig. §§ 2, 8; Dec. Dig. § 3.*]

2. TRUSTS (§ 11*)—ACCUMULATION—INVALIDITY.
     An accumulation of income of a trust fund not applied to the use of the beneficiary for life is prohibited by Real Property Law (Consol. Laws, c. 50) § 61, and Personal Property Law (Consol. Laws, c. 41) § 16.
     [Ed. Note.—For other cases, see Trusts, Cent. Dig. § 9; Dec. Dig. § 11.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. TRUSTS (§ 273*)—TESTAMENTARY TRUST—ACCUMULATION OF INCOME.

Testatrix by her will created a trust for the benefit of her son, who was a life convict, directing that her trustees apply the income of the residuary estate, or such portions thereof as they might deem advisable, for the benefit of the son for life, and on his death remainder with accumulations, if any, to testatrix's sister absolutely. *Held*, that such provision neither expressly nor by necessary implication directed an accumulation of income, but that the trustees in their discretion might apply all the income to the use of the son during his lifetime, and hence the remainderman was not entitled to have a surplus of income paid over to her during the son's life as the person presumptively entitled to the next eventual estate.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 386; Dec. Dig. § 273.*]

4. TRUSTS (§ 11*)—INCOME—ACCUMULATION.

Where testatrix created a trust of the residue of her estate and directed that the executors should apply so much of the income as they deemed advisable to the benefit of testatrix's son, who was a life convict for his natural life, and on his death the residue should pass to testatrix's sister, the trustees were not required to determine, on receipt of each payment of income, how much thereof should be applied to the son's benefit, but were entitled to hold subject to his use all the income, irrespective of the amount immediately applied, which provision as so construed was valid.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 9; Dec. Dig. § 11.*]

5. TRUSTS (§ 331*)—ACCOUNTING BY TRUSTEE—SURROGATE'S DECREES—CONCLUSIVENESS.

Though a Surrogate's Court has no jurisdiction to construe a will, a decree settling the accounts of trustees is conclusive in so far as it determines the persons entitled to the income covered by the accountings, though it involves a construction of the will.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 494; Dec. Dig. § 331.*]

Appeal from Trial Term, New York County.

Action by Marie Hill against the Guaranty Trust Company of New York and another, as trustees under the will of Josephine Stephani, deceased, and the Equitable Trust Company, as committee of the estate and guardian ad litem of Alphonse Stephani, a life convict. From a judgment settling the accounts of the trustee and directing the payment to plaintiff of accumulated income, the Equitable Trust Company as committee appeals. Reversed.

See, also, 157 App. Div. 907, 142 N. Y. Supp. 346.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, and DOWLING, JJ.

Carl A. Hansmann, of New York City, for appellant.

Isham Henderson, of New York City, for respondent Hill.

Edward R. Greene, of New York City, for respondents Guaranty Trust Co. of New York and another.

McLAUGHLIN, J. Action to construe a will, settle the accounts of the trustees thereunder, and recover accumulated income in their hands. The will of the testatrix, Josephine Stephani, created a trust for the benefit of her son, Alphonse J. Stephani, with remainder to her sister, the plaintiff in this action. At the time the will was execut-

ed, the son was a convict, imprisoned under a life sentence. Shortly after the death of the testatrix, which occurred in 1902, he was transferred to a state asylum for insane convicts, where he has since remained. In the exercise of a discretionary power given them by the will, the trustees have applied to his use from the trust income only such comparatively small sums as might properly be expended to promote his comfort in the state asylum. On February 27, 1913, they had in their hands undisposed of income amounting to over $22,000. The plaintiff claims that the will made no valid direction for the accumulation of this income, and that it belongs to her as the person presumptively entitled to the next eventual estate. Her claim has been sustained by the court below, and the Equitable Trust Company, as committee of the estate and guardian ad litem of Alphonse J. Stephani, appeals.

The determination of the question presented depends upon the construction to be given to the sixth paragraph of the will, which created the trust. By this paragraph the testatrix gave her residuary estate to her executors and trustees in trust upon the following terms:

"To receive the rents, issues, income and profits thereof, and to apply the whole, or such portions of such rents, issues, income and profits as my said executors and trustees may deem advisable for the use and benefit of my son Alphonse Joseph Stephani during his natural life, and on the death of my said son I give, devise and bequeath all of said rest, residue and remainder of my estate, with the accumulations, if any, thereon, and including the amount of all devises or bequests that may lapse or be declared ineffectual or void to my said sister Marie Hill, absolutely and forever, or in case she be then dead, to her children, share and share alike."

The will also contained a direction to the effect that the testatrix did not want any part of her estate to go to her husband's brother, his children or descendants, or to the family, children, or descendants of her own deceased brother.

[1, 2] It is conceded that although Alphonse J. Stephani is a life convict, and so is civilly dead, he nevertheless is not deprived of his property rights. Avery v. Everett, 110 N. Y. 317, 18 N. E. 148, 1 L. R. A. 264, 6 Am. St. Rep. 368. Both he and the plaintiff were adults at the time of the testatrix's death, and it is also conceded that, if the will directs an accumulation of the income not applied to his use, such direction is invalid. Real Property Law, § 61; Personal Property Law, § 16.

[3] The will does not, either expressly or by necessary implication, direct any accumulation of the income. The trustees, if they deemed it advisable, might pay over all the income to the committee of the beneficiary. Gasquet v. Pollock, 1 App. Div. 512, 37 N. Y. Supp. 357, affirmed on opinion below 158 N. Y. 734, 53 N. E. 1125; Craig v. Craig, 3 Barb. Ch. 76. That being so, it is urged that the trustees should be directed to pay over all the unexpended income to the committee, since a construction which would impute an intention to direct an unlawful accumulation will be avoided where possible. Matter of Hoyt, 116 App. Div. 217, 101 N. Y. Supp. 557, affirmed 189 N. Y. 511, 81 N. E. 1166; Hendricks v. Hendricks, 3 App. Div. 604, 38 N Y. Supp. 402, affirmed on opinion below 154 N. Y. 751, 49 N. E.

1098.. Such a construction, however, would be contrary to what seems to me to have been the obvious intention of the testatrix. At the time the will was executed, her son had been in prison for several years, during which time she had been accustomed to give him only such small amounts as the prison rules permitted. She must have known that the income from her residuary estate would be much more than sufficient to continue these payments, and, if she had intended that the trustees should immediately pay over the entire income to him, she would have said so and would not have provided that they might pay over such portion as they deemed advisable. Therefore I think it must be assumed that she realized, so long as conditions remained unchanged, the income would be more than could be immediately paid over to her son. If she intended that the balance of the income should be accumulated for the benefit of the remainderman, then her intention cannot be lawfully carried out, for the statute forbids implied as well as expressed directions to accumulate. St. John v. Andrews Institute, 191 N. Y. 254, 83 N. E. 981, 14 Ann. Cas. 708; Vail v. Vail, 4 Paige, 317; Craig v. Craig, supra.

In Craig v. Craig, supra, the testator directed his executors to set aside and hold in trust for his incompetent son John a sum sufficient to produce at least $500 per annum, "which income, or so much thereof as may be necessary, I direct to be used by my executors, and the survivor or survivors of them, in his support and maintenance;" the principal, or so much thereof "and of the proceeds thereof as may remain at the decease of my said son unexpended," to go to his issue. The income was more than required for the support of the incompetent, and the chancellor held that the implied direction to accumulate was void, and that the surplus income belonged to the persons presumptively entitled to the next eventual estate. The chancellor said:

"It is evident, however, that the testator did not intend to give to the lunatic any more of the annual income of the fund invested than was necessary for his support and maintenance. For there is a limitation over, not only of the capital of the fund invested, but of so much of the proceeds thereof as shall remain at the decease of the lunatic. This is an implied direction to accumulate the surplus income of this capital, by the executors, in trust for adults, or for persons not in esse at the time the accumulation is directed to commence; and is void by the provisions of the Revised Statutes."

But in the present case I do not think it can be said that the testatrix did not intend to give her son any more of the annual income than the trustees might deem advisable to apply to his immediate use. Knowing that, so long as her son remained in prison, only a small part of the income could be so applied, she nevertheless directed her entire residuary estate to be held in trust for him, and made no provision for the payment of any of the income to any one else during his life. Though he was a life convict, he was then comparatively a young man, in good health, and had not at that time been committed to the hospital for the insane. It was and is by no means impossible that he may be pardoned, or other contingencies arise as the result of which he might require, and the trustees might properly apply to his use, not only the entire income as it accrues, but as well the accumulated income in their hands. This, I think, was what the testatrix

had in mind in reserving her entire residuary estate for his benefit and directing the trustees to apply so much of the income therefrom as they might deem advisable to his use.

It is in this respect that the case differs from Craig v. Craig, supra. There, the beneficiary was an acknowledged incompetent, and the testator reserved for him a fixed annual sum, referred to by the chancellor as an annuity. He directed his executors to use so much thereof as might be necessary for the support of the incompetent, and it may fairly be assumed that he did not expect or intend that more than the fixed income reserved would ever be required for his support. The surplus income in the hands of the trustees could not lawfully be accumulated, as the testator had evidently intended, and, no valid disposition of it having been made, it was held to belong to the persons presumptively entitled to the next eventual estate. But even in that case, the chancellor was careful to say:

"A mere temporary surplus for a single year, owing to some peculiar circumstances, which may be all expended, in addition to the whole annuity, the succeeding year, would not be deemed an accumulation within the meaning of the statute."

[4] So here, although a considerable surplus has been accumulated, it is by no means certain that circumstances may not arise, before the termination of the trust, under which the trustees might deem it advisable to apply all this income to the use and benefit of the beneficiary. The direction to apply so much of the income as the trustees may deem advisable does not mean that they must determine, upon receipt of each payment of income, how much thereof shall be applied to the use and benefit of the beneficiary; on the contrary, I think the testatrix plainly intended that they should hold, subject to his use, all the income, irrespective of the amount immediately applied. Such a direction is not necessarily invalid. In Bloodgood v. Lewis, 209 N. Y. 95, 102 N. E. 610, the will of the testator gave the income from a quarter of his estate to his daughter Mary, providing that if Mary, in the judgment of his daughter Rosetta, should continue to be of unsound mind and incapable of managing her own affairs, the income should be paid to Rosetta to be applied by her in the care and comfort of Mary. By a codicil he provided that, owing to Rosetta's feeble health, he made the trustees the judges of Mary's condition in place of Rosetta, and directed them, if they considered Mary incapable of managing her own affairs, to pay to Rosetta so much of the income of the trust fund for Mary as, in their discretion, might be required for her comfortable care and support. There being no direction for the immediate payment of the residue of the income to any one, this court held that the accumulated residue was an unlawful accumulation and belonged to the persons presumptively entitled to the next eventual estate. Bloodgood v. Lewis, 146 App. Div. 86, 130 N. Y. Supp. 621. The Court of Appeals, however, held that the entire income was given to Mary under the will, and that the codicil did not revoke the gift, but rather empowered the trustees "to determine in their discretion how much of the one-fourth equal part bequeathed to her should be

expended for her benefit and made them custodians and conservators of the unexpended balance."

There is therefore, in the present case, nothing unlawful in the trustees holding the unexpended balance in their hands—certainly not, if the will of the testatrix be construed as giving the entire income to her son. Whether the will should be so construed is a question which is not necessary to determine at this time. It does dispose of the remainder "with the accumulations, if any, thereon"; but the word "accumulations" in this connection does not necessarily refer to the income. But however that may be, I am clearly of the opinion that the testatrix intended that the income not immediately applied to the use of her son should be held by the trustees subject to his use during his life. If, in order to effectuate this intent, the will must be construed as giving him the entire income, the time and manner of payment being left to the discretion of the trustee, it is susceptible of this construction and should be so construed; but the question may never arise. Under the statute (Real Property Law [Consol. Laws, c. 50] § 63), which is also applicable to personal property (U. S. Trust Co. v. Soher, 178 N. Y. 442, 70 N. E. 970; Mills v. Husson, 140 N. Y. 99, 35 N. E. 422; Cook v. Lowry, 95 N. Y. 103), the plaintiff is entitled to the income not applied to the use of the beneficiary only upon the ground that such income is undisposed of. For the reasons stated, the income now in the hands of the trustees cannot be so considered, because the trustees have the right at any time to apply any or all of it to the use of the beneficiary. Until the trust has terminated, it will be impossible to tell how much, if any, of it will remain undisposed of.

If this conclusion be correct, then the trustee should continue to hold the income not immediately applied, subject to its future application, if they deem it advisable, for his use and benefit.

[5] This view renders it unnecessary to consider at length the effect of the decree of the Surrogate's Court made upon the accountings of the trustees in 1904 and 1906. It is sufficient to say on that subject that upon both of those accountings there was accumulated income in the hands of the trustees, and the plaintiff appeared and demanded that it be paid to her—asserting the same claim she makes in this action. The surrogate held that no part of the income in the hands of the trustees belonged to the plaintiff and directed them to continue to hold it subject to the trust. While it is true the Surrogate's Court had no inherent power to construe the will of the testatrix, the decrees settling the accounts of the trustees were conclusive in so far as they determined the persons entitled to the income covered by the accountings, though this involved a construction of the will. Staples v. Mead, 152 App. Div. 745, 137 N. Y. Supp. 847; Sullivan v. McCann, 124 App. Div. 126, 108 N. Y. Supp. 909; Kirk v. McCann, 117 App. Div. 56, 101 N. Y. Supp. 1093. Whether right or wrong, these decrees are a conclusive adjudication upon the plaintiff that none of the income which was then in the hands of the trustees belonged to her. It should be added that the surrogate apparently reached precisely the same conclusion respecting the construction of the will as that here arrived at.

The judgment appealed from therefore is reversed, with costs, and, since there is no occasion for a new trial, the complaint is dismissed, and judgment entered directing the trustees to hold all the unexpended income during the continuance of the trust subject to the directions contained in the will. All concur.