itutions upon the police powers of the state; at present the question is purely academic, and need not be further discussed.

We are of the opinion that none of the provisions of the general grade crossing law have any relation to the question now under consideration, that all of the rights of the municipality and of the railroad were adjusted in the contract which was lawfully made and delivered, and there is no intention on the part of the more recent legislation to change the special provisions relating to the grade crossings eliminated under the local act.

The application for a peremptory writ of mandamus must be denied, with $50 costs.

---

(164 App. Div. 358)

### In re BAVIER et al.   (No. 6288.)

(Supreme Court, Appellate Division, First Department.   November 6, 1914.)

PERPETUITIES (§ 9*)—INCOME—ACCUMULATIONS.

    Testatrix by the ninth clause of her will left the residue of her estate in trust to invest after payment and apply the income to the care of testatrix's daughter.   By subsequent clauses of the will testatrix declared that, if the daughter died leaving issue, then the residue should pass to such issue as the daughter might appoint by her will, or in default of appointment to her issue equally per stirpes.   By the third clause of the codicil, if the daughter died without issue, testatrix gave a number of legacies, and the twelfth paragraph of the will, as amended by the codicil, declared that, if the daughter died leaving no issue, testatrix bequeathed the remainder as described in the ninth clause of the will to B., his heirs and assigns, and if he died before the daughter then to such persons as he should appoint, or to his heirs at law.   *Held*, that such will did not provide for an unlawful accumulation of income, but merely authorized the trustees to retain the income in their discretion during the life of the daughter, to be applied to her use during her life as they might think proper.

    [Ed. Note.—For other cases, see Perpetuities, Cent. Dig. §§ 57–66; Dec. Dig. § 9.*]

Appeal from Surrogate's Court, New York County.

Judicial settlement of the accounts of William N. Bavier and another, as executors and trustees under the will of Mary A. S. Burns, deceased.   From a portion of the surrogate's decree construing the will, Robert N. Bavier appeals.   Reversed.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

August C. Nanz, of New York City, for appellant.

Daniel J. Mooney, of New York City, special guardian, for respondent Burns.

J. Addison Young, of New York City, for William N. Bavier, as trustee.

Bowers & Sands, of New York City, for N. A. McBride, as trustee.

CLARKE, J.   The testatrix, Mary A. S. Burns, died leaving a last will and testament and codicil thereto, which were duly admitted to probate and letters testamentary issued thereon October 21, 1905.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

By the ninth clause of her will she left all the rest, residue, and remainder of her estate to trustees therein named, in trust—

"to convert the same into money at such times after my decease as they may deem proper, * * * to invest the proceeds of such sale, and all money which may remain in my estate after the payment of my debts and the aforementioned legacies, in bonds secured by first mortgage on improved real estate in the city of New York and to apply the income therefrom in such manner as they may think proper, to the care and comfort of my daughter, Mary Burns."

"Tenth. If my daughter, Mary Burns, should die leaving issue her surviving, then, after the death of my said daughter, I give and bequeath all my estate as described in the ninth clause of this will, unto such of the issue of my daughter and in such proportions as my said daughter may by her last will and testament appoint, and in default of such appointment, then to such issue and their heirs, share and share alike, per stirpes and not per capita."

By the third clause of her codicil she revoked entirely the eleventh clause of her will, substituting the following provision:

"After the death of my daughter, Mary Burns, and in the event of my said daughter leaving no issue surviving her I give and bequeath [setting forth a number of legacies]."

The twelfth clause of the will, as amended by the fourth clause of the codicil, provided as follows:

"In the event of the death of my said daughter leaving no issue. her surviving, I give and bequeath the remainder of my estate as described in the ninth clause of this will, unto William N. Bavier of New Rochelle in the state of New York, a nephew of my late husband Robert N. Burns (the same William N. Bavier named herein as executor), his heirs and assigns. In case of the death of the said William N. Bavier before the death of my said daughter leaving no issue her surviving, I give and bequeath the said remaining one-half of my said estate to such persons as the said William N. Bavier may by his last will and testament appoint, and in default of such appointment, then to his heirs at law, share and share alike, per stirpes and not per capita."

Upon the accounting it appeared there was a cash balance of income in the hands of said executors and trustees of $8,969.31. It also appeared that the surrogate on his own motion had appointed a special guardian of Mary Burns,

"who, although not judicially declared incompetent, is a person not able to understand the nature and character of the proceedings herein."

The surrogate held that there was an unlawful accumulation of income, and the decree provided:

"That an inquiry be had within 120 days from the entry of this decree as to the competency or incompetency of Mary Burns according to the law, and upon proof to this court of such proceedings and the judgment thereon, the trustees may apply to this court at the foot of this decree for further instructions as to the balance of income remaining in their hands, which is adjudged to be the property of Mary Burns."

It is from that portion of the decree that this appeal is taken. There is no express provision in this will for accumulation of income, or any express disposition over of any accumulated income. The language of the will is:

"To apply the income therefrom in such manner as they may think proper to the care and comfort of my daughter, Mary Burns."

There is no provision for the application of any stated time or period, and discretion is lodged in the trustees to apply the income in such manner as they may deem proper. While it appears that there is a sum held by them as income from the estate which they have not yet deemed proper to expend for the care and comfort of their cestui que trust, it does not at all appear that the time may not come when in their judgment such additional expenditure may be proper. She is an unmarried woman, of the age of 35, and it is not unreasonable to suppose that contingencies may arise which would authorize or justify the trustees to expend for her care and comfort the amount of the income now in their hands, not as a balance of income directed to be accumulated by the will, but held as an amount not yet deemed proper by them to expend for her care and comfort.

In Hill v. Guaranty Trust Co., 163 App. Div. 374, 148 N. Y. Supp. 601, this court has recently had occasion to consider the question involved here. In that case, the will gave the residuary estate to the executors and trustees, in trust,

"to receive the rents, issues, income and profits thereof and to apply the whole, or such portions of such rents, issues, income and profits, as my said executors and trustees may deem advisable, for the use and benefit of my son Alphonse Joseph Stephani, during his natural life."

The cestui que trust was a life convict at the time of the making of the will, and subsequently was transferred to the State Asylum for Insane Convicts. In the exercise of the discretionary power given them by the will, the trustees had applied to his use from the trust income only such comparatively small sums as might properly be expended to promote his comfort in the State Asylum, and there had accumulated in their hands an undisposed of income amounting to over $22,000. The action was to construe the will, settle the accounts of the trustee thereunder, and recover accumulated income in their hands. The plaintiff was the remainderman. This court, reviewing the authorities, held that the will did not, either expressly or by necessary implication, direct any accumulation of the income; that, although a considerable surplus had been accumulated, it was by no means certain that circumstances might not arise, before the termination of the trust, under which the trustees might deem it advisable to apply all this income to the use and benefit of the beneficiary; and that the trustees should continue to hold the income not immediately applied, subject to its further application, if they deemed it advisable, for the cestui que trust's use and benefit.

We think, as the question here involved has so recently been determined by that well-considered case, it is unnecessary to discuss it further. So much of the decree as is appealed from should be reversed, and a clause should be inserted in the decree providing that the trustees hold the said amount in their hands subject to the provisions of the will affecting income, with costs to the trustees and guardian ad litem payable out of the estate. All concur.