(164 App. Div. 363)

### In re BAVIER et al.   (No. 6289.)

(Supreme Court, Appellate Division, First Department.   November 6, 1914.)

PERPETUITIES   (§ 9\*)—TESTAMENTARY   TRUST—CONSTRUCTION—INCOME—AC-
CUMULATION.

Testator by the fourth clause of his will bequeathed two-thirds of the net rents to his widow and B., and their survivor, in trust to apply so much as the widow during her life, or the surviving trustees, might think proper for the support of testator's daughter and such issue as she might have, providing that if the daughter died during the life of the widow, leaving issue, then on further trust during the widow's life to pay the rents and profits to the daughter's issue and their descendants, but if the daughter died, leaving no issue surviving, before the widow's death, then the balance of the two-thirds of the income unexpended, if any, should go to the widow with the remaining net income during her natural life.   Subsequent paragraphs provided for the disposition of all testator's real estate if the daughter died leaving issue who should survive the widow, and declared that if the daughter died after the widow's death, leaving no issue surviving, the whole of the real estate and all surplus income remaining unexpended was devised to B., his heirs and assigns, in fee, but on his death before being entitled to take then to such persons as he might appoint by will, and in default of appointment to his heirs. *Held*, that the direction for distribution of accumulated income was only precautionary, made in view of the discretionary power vested in the trustees by the fourth clause of the will, and that there was no invalid accumulation.

[Ed. Note.—For other cases, see Perpetuities, Cent. Dig. §§ 67–73; Dec. Dig. § 9.\*]

Appeal from Surrogate's Court, New York County.

Judicial settlement of the accounts of William N. Bavier and another, as trustees under the will of Robert Burns, deceased.   From portions of the surrogate's decree construing the will, the trustees appeal.   Reversed.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

J. Addison Young, of New York City, for appellant Bavier.

Bowers & Sands, of New York City, for appellant McBride.

Daniel J. Mooney, of New York City, for respondent special guardian.

DOWLING, J.   By the fourth, fifth, and sixth clauses of his will Robert Burns directed as follows:

"Fourth—the other two-thirds of the said net rents, issues and profits of said net real estate, I give to my said wife and the said William N. Bavier and the survivor of them and their successors, in trust, to apply the same or so much thereof as my said wife during her life (or the surviving trustees and their successors after her death) may think necessary or proper, for the care, education, maintenance and support of my daughter Mary Burns, and such issue as she may have during the life of my said daughter.   If my said daughter should die before the death of my said wife, leaving issue her surviving, then on the further trust during the life of said wife, to pay the said two-thirds of the net rents, issues and profits aforesaid and any and all surplus thereof unexpended if any, to the issue of my said daughter and their descendants, share and share alike per stirpes and not per capita.   If my said daughter should die (leaving no issue her surviving) before the death of my

said wife, then I give and devise all the surplus or balance of the said two-thirds of the net income of my said real estate unexpended if any, to ·my· wife, and in that event, I also give the whole of the said net income of my said real estate to my wife for and during the remainder of her natural life.

"Fifth—If my said daughter should die leaving issue her surviving who shall survive my wife, then after the death of my said wife, I give and devise all my said real estate unto such of the issue of my daughter and in such proportions ·as my said daughter may, by her last will and testament appoint; and in default of such appointment, then to such issue and their heirs, share and share alike, per stirpes and not per capita.

"Sixth—After the death of my said wife, and after the death of my said daughter, and in the event of the death of my said daughter leaving no issue surviving my wife, I give and devise the whole of my said real estate and all surplus of the net rents, issues and profits remaining unexpénded if any, unto my nephew William N. Bavier, his heirs and assigns in fee. In case of the death of my said nephew before the death of my said wife and daughter, and in the event of the· death of my said daughter leaving no issue surviving my wife, I give and bequeath all my said real estate and any surplus of the net rents, issues and profits thereof, to such persons as my said nephew may by last will and testament appoint, and in default of such appointment then to his heirs at law, share and share alike, per stirpes and not per capita.

"If, under the provisions of this will, there shall remain in the hands of the trustees accumulations of the net rents, issues and profits not authorized by the laws of the state of New York, it is my will and I direct that such accumulations shall ·be regarded as real property, and be distributed according to the statutes of the state of New York relating to descent."

Upon the accounting, the surrogate found that there was a balance of income in the hands of the trustees amounting to $56,325.40. He had previously appointed on his own motion a special guardian for Mary Burns, "who, although not judicially declared to be incompetent, is a person not able to understand the nature and character of the proceedings herein." He further adjudged that there was "incorporated in the provisions of the last will and testament of Robert Burns, deceased, a direction for the accumulation of income which under the laws of the state of New York is unlawful," and as the will provided that any unlawful accumulations should go to his heirs, he found the surplus to belong to Mary Burns, and ordered an inquiry within 120 days as to her competency.

There is no express provision in this will for any accumulation of income, and the direction for the distribution of such is only precautionary, and made in view of the discretionary power vested in the trustees by the fourth clause of the will. The conclusions reached by Mr. Justice Clarke in Matter of Mary A. S. Burns, Deceased, 149 N. Y. Supp. 728, are founded upon considerations equally applicable to the case at bar, and require a like disposition of the present appeal, by reversing so much of the decree as has been appealed from, and adding a clause thereto providing that the trustees shall hold the amount of surplus income in their hands subject to the provisions of the will affecting the income of the estate, with costs to the trustees and guardian ad litem payable out of the estate. All concur.