In the Matter of the Estate of THEODORE F. STIMPSON, Deceased.

Surrogate's Court, Delaware County, May 31, 1933.

*Erwin & Hanley*, for the petitioner Theo S. Calkins.

*Vincent N. Elwood*, for the trustee.

O'CONNOR, S. The petitioner asks for a construction of the will of deceased, claiming that it contains a direction for the unlawful accumulation of income, and that the persons entitled to the next eventful estate are entitled to receive the same.

The will of the testator, so far as is material to a decision of the question at issue, provides as follows:

" *Third.* I direct my Executor to pay to my wife, Mary M. Stimpson, the sum of Twenty Dollars a week, for and during the term of her natural life. In case an emergency arises, whereby said sum of Twenty Dollars a week is insufficient to properly care for my wife and provide for her comfort, then and in that case with the consent of my daughters then living, a larger sum may be used and paid out by my executor for her support, care, comfort and maintenance, the total amount to be so used, shall not exceed, however, the total income from my estate.

" *Fourth.* All the rest, residue and remainder of my property real and personal, of every kind and nature whatsoever and wheresoever situate, I give, devise and bequeath to my executor hereinafter named; in trust, however, for the following uses and purposes; to collect and receive rents, incomes, profits and dividends therefrom, and after deducting all necessary legal and proper costs, charges and disbursements, and after paying to my wife, the sums hereinbefore directed, for and during the term of her natural life, upon her decease to divide the balance equally between my daughters Winnefred, Mary and Theo, share and share alike.

" *Fifth.* Upon the death of my wife, Mary M. Stimpson, I give, devise and bequeath my entire estate to my three daughters, to share and share alike."

A judicial settlement of the accounts of the executor has been had and the assets of the estate turned over to the trustee to administer under the trust provided in the will. It is the contention of the petitioner that the testator by the fourth paragraph of his will created a trust for the accumulation of income in violation of section 16 of the Personal Property Law and that said provision is illegal and invalid in law; that the trustee has accumulated a large amount of income which should be divided equally between the daughters of the testator who are entitled to the next eventual estate  If the testator had simply directed that the sum of twenty dollars per week be paid to his wife during her lifetime, and upon her decease the balance be equally divided between his daughters, share and share alike, there is no question that there would have been a direction for the unlawful accumulation of income and that the contention of the petitioner should be upheld. It is to be noted, however, that the third paragraph of the testator's will provides that in case an emergency arises whereby said sum of twenty dollars per week is insufficient to properly care for testator's wife and to provide for her support, that then with the consent of the daughters of the testator then living, a larger sum may be

used and paid out by the executor for the support of the wife, the total amount not to exceed the total income from his estate.

On the 26th of June, 1929, the daughters entered into an agreement in writing which provides as follows:

" We do hereby severally and jointly consent that the Executor of the Estate of Theodore F. Stimpson, namely, The First National Bank of Hancock, N. Y., may pay out, disburse and expend in addition to the sum of Twenty Dollars ($20.00) a week, as provided in said Will, such further sums as in the judgment of said Executor, shall be necessary in order to properly provide for the comfort and care of said Mary M. Stimpson, including disbursements for laundry, wearing apparel, medical care and attention, services of a physician and nurse; and a proper allowance for personal effects and necessities, not exceeding, however, the total amount of income received from this estate.

" And we do further hereby consent that upon the death of said Mary M. Stimpson, that the Executor may pay the funeral expenses of said Mary M. Stimpson from the income of this estate and we do hereby authorize that said Executor shall provide for burial in a manner in keeping with the funeral arrangements made for her husband, Theodore F. Stimpson.

" And we do hereby, jointly and severally, give the Executor, The First National Bank of Hancock, N. Y., full and complete power to disburse such sums as in the judgment of said Executor may be necessary for the care and comfort of said Mary M. Stimpson, as hereinbefore set forth, and ratifying all that said Executor shall do by virtue of this agreement."

Thus it will be seen that the three daughters have executed the consent to enable the trustee to pay more than the twenty dollars a week for the support and maintenance of the widow of the deceased. It does not appear how much of an income is derived from the trust fund, but inasmuch as nearly $40,000 was paid by the executor to itself, as trustee, upon the judicial settlement, it is safe to assume that it is a sum considerably in excess of the twenty dollars per week directed by the will to be paid to the widow; in fact, the trustee admits that it has moneys on hand in excess of this sum. Of course, under the agreement entered into between the trustee and the daughters, of which the petitioner is one, the trustee has a right to use more than the twenty dollars for the support and maintenance of the widow. In fact, the agreement is much broader than the provision for the widow contained in the will and authorizes the executor upon the death of the widow to provide for a burial in a manner in keeping with the funeral arrangements made for her husband, the testator. This in itself necessitates that the trustee have a balance on hand at

all times in order to provide for such an emergency. In any event the trustee is not bound under the terms of the trust to deduct the actual moneys that he expends for the support and maintenance of the widow and account to the persons who are entitled to the surplus in each and every year.

"A mere temporary surplus for a single year, owing to some peculiar circumstances, which may be all expended, in addition to the whole annuity, the succeeding year, would not be deemed an accumulation within the meaning of the statute." (*Craig* v. *Craig*, 3 Barb. Ch. 76.) And as Mr. Justice McLAUGHLIN, writing for the court, in *Hill* v. *Guaranty Trust Co.* (163 App. Div. 374, at pp. 378 and 379), says: "So here, although a considerable surplus has been accumulated, it is by no means certain that circumstances may not arise, before the termination of the trust, under which the trustees might deem it advisable to apply all this income to the use and benefit of the beneficiary. The direction to apply so much of the income as the trustees may deem advisable does not mean that they must determine, upon receipt of each payment of income, how much thereof shall be applied to use and the benefit of the beneficiary; on the contrary, I think the testatrix plainly intended that they should hold, subject to his use, all the income, irrespective of the amount immediately applied."

In *Matter of Bavier* (164 App. Div. 358) it is held: "Where a will creating a trust for a beneficiary of feeble mind, but who has not been judicially declared insane, contains no express provision for an accumulation of income, nor any express disposition over of any accumulated income, but merely directs the trustees to apply the income in such manner as they may think proper for the care and comfort of the beneficiary, the trustees, by failing to expend all of the income for the support and maintenance of the beneficiary, are not making an unlawful accumulation; they are merely exercising the discretionary power conferred upon them, and they hold the surplus income to expend the same for the benefit of the incompetent when circumstances so require." (See, also, *Curtis* v. *Curtis*, 184 App. Div. 274.)

In view of these decisions and the consent agreement executed by the daughters of the testator, we are of the opinion that the trustee is justified in holding any income that it may now have on hand to provide for emergencies and for additional payments to the widow as they may be required in the future and that it should not distribute the income which it now has in its hands to the daughters of the testator. The prayer of the petitioner Theo S. Calkins is, therefore, denied.

A decree may be entered accordingly.