ARTHUR J. MORRIS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 64246.   Promulgated October 22, 1935.

*James A. Vaughan, Esq.*, for the petitioner.
*John H. Pigg, Esq.*, for the respondent.

### OPINION.

LEECH: This proceeding seeks redetermination of a deficiency of $34,769.61 for the calendar year 1929.  The error assigned is the action of respondent in including in petitioner's income for the year in question the income of five trusts created by him in favor of his wife and four daughters.

The facts are stipulated and only a brief statement of such as are necessary for an understanding of the issues will be made here.

Petitioner, at the time of the occurrence here involved, was, and is now, a resident of the State of New York. On July 1, 1926, he executed five trust instruments by which he conveyed to himself and his secretary, as trustees, five separate lots of securities. The trust instrument in each instance was substantially the same, except as to the beneficiary. The trust in each case was created for the term of five years, at the end of which time the property was to be reconveyed to the grantor. In each instance the property was transferred to the trustees to hold " In Trust to receive all the income thereof and after paying therefrom all lawful charges and expenses including compensation of the Trustees as hereinafter provided, to pay or apply the net income or such part thereof as the Trustees may determine upon, from such trust estate arising each year in substantially equal monthly instalments, or in such other instalments as may be deemed advisable by the Trustees " to or for the beneficiary. The trust in each case was executed in, and the trust estates were at all times located in, the State of New York. In the case of each trust it is not disputed that gains arising from the sale of securities would not be subject to distribution but would, under the law of New York, be accumulated as part of the corpus and only the income from investments be subject to distribution to the beneficiaries. It was provided, however, in each trust, with respect to the distributable income, that " nothing herein shall prevent the said Trustees from paying out to the beneficiaries herein contemplated only part of said income and accumulating the balance for the purpose of increasing the principal of said trust fund in such manner and in such amounts as to the Trustees may seem proper." No power of revocation was reserved.

Upon the expiration of five years or upon the death of the beneficiary, whichever should first occur, the trustees were, under each trust, " to pay over the principal of said trust estate as it shall then exist with all gains and increase of capital, if any, in fee simple to the Donor if he is living."

Returns were filed for each of the five trusts for the calendar year here involved, reporting the net income received by each. The parties hereto are agreed as to the amount of the income received, the portion in each case represented by profit from sale of the trust corpus and the part representing the current investment income of the trust. The disputed deficiency here arises from respondent's action in including the total income of each trust for the year in question, in petitioner's income as taxable to him.

Respondent contends that the income in question, whether that represented by gains on disposition of capital assets of the trusts or the investment income realized by the trust estates, was taxable

to petitioner under section 167 of the Revenue Act of 1928,[1] for the reason that petitioner was vested with discretion to hold or accumulate such income for future distribution to himself. Petitioner's position is that, as to the income represented by gains upon the sales of capital assets, the trustees had no such discretion but were required by law to accumulate such income, and, consequently, section 167 of the Revenue Act of 1928 is not applicable. As to the investment income of each trust, petitioner argues that, notwithstanding the authority reserved to the trustees to accumulate such income as an addition to the corpus, the beneficiary in each case obtained a vested right to such income under New York law and could have enforced its distribution to her had petitioner attempted to withhold it. As to this income it is insisted that the trustees, in fact, had no authority, in the exercise of their discretion, to accumulate it for later distribution to petitioner. Actually, all of the income of this character was distributed by the trustees in each year to the several beneficiaries.

In reference to the income consisting of gains upon sales of assets included in the corpus of the several trusts, section 167 of the Revenue Act of 1928 is not applicable. *Preston R. Bassett*, 33 B. T. A. 182.

With respect to the investment income of these five trusts which was distributed to the several beneficiaries, we have given careful consideration to the argument of petitioner's counsel, that the specific reservation in the trust instrument of the power in the trustees to accumulate this income for the purpose of increasing the corpus distributable to the grantor, was without effect under the laws of New York. Examination has been made of the authorities submitted by counsel and we are unwilling to conclude that under the decisions of the courts of that state, petitioner's wife and daughters would be held to have a vested interest in this income and be entitled to enforce its distribution to them if accumulation were attempted by the trustees. The intent of the grantor of these trusts appears to be clear that these beneficiaries are to receive only such amounts as the trustees, in the exercise of their discretion, distributed to them. The record does not disclose whether the beneficiaries were of age nor is it indicated that the trust was, in any instance, for the purpose of maintenance of the beneficiary. We recognize the rule in New York State that, where the trust is created for the purpose of maintenance and the intent is clear that the in-

---

[1] SEC. 167. *Income for benefit of grantor.*—Where any part of the income of a trust may, in the discretion of the grantor of the trust, either alone or in conjunction with any person not a beneficiary of the trust, be distributed to the grantor or be held or accumulated for future distribution to him, or where any part of the income of a trust is or may be applied to the payment of premiums upon policies of insurance on the life of the grantor (except policies of insurance irrevocably payable for the purposes and in the manner specified in section 23 (n), relating to the so-called "charitable contribution" deduction), such part of the income of the trust shall be included in computing the net income of the grantor.

244

come is to be used for that purpose, an attempt to limit the right of the beneficiary to receive that income, embodied in provisions granting discretion of the trustees to withhold, is, under some conditions, disregarded where the result reached by such construction does not violate the intent of the grantor that the beneficiary shall receive the entire income. *Hill* v. *Guaranty Trust Co.*, 163 App. Div. 374; 148 N. Y. S. 601; *In re Bavier*, 164 App. Div. 358; 149 N. Y. S. 728; *Curtis* v. *Curtis*, 184 App. Div. 274; 171 N. Y. S. 510; *Curtis* v. *Curtis*, 185 App. Div. 391; 173 N. Y. S. 103; *Bankers Trust Co.* v. *Moy*, 148 Misc. 38; 265 N. Y. S. 77. The cases cited by counsel for petitioner fall within this general class, but it does not appear to us that the instant case is controlled by them. Each trust instrument here discloses that the intent of the grantor was not to give a vested interest to these several beneficiaries in the income as realized by the trustees, but only in such part of that income as the trustees, in their discretion, might distribute. It is apparent from a consideration of all of the trust provisions, that the purpose of the grantor was to retain control of the trust income to the extent of applying it for his own benefit, if he so desired.

These five trusts are the creation of this petitioner. In them he has sought to reserve powers, to himself, with respect to the trust income which, if effective, make such income taxable to him under the applicable revenue act. He now asks that we determine that, had the question of his powers as trustee under these various trusts been submitted to a New York court, its decision would have denied him the right to exercise the powers reserved. It is quite true that if these trust instruments had been submitted to the state court and reformed by the elimination of those sections granting discretionary power to the trustees, such decision would be binding on us. *Freuler* v. *Helvering*, 291 U. S. 35. The trusts, however, have not been construed by the New York courts. It does appear that the provisions in the trust instruments reserving the right in the trustees to accumulate investment income for future distribution to petitioner violate section 16 of the New York Personal Property law.[2] This fact, however, in our opinion, does not mean that a judicial construction of

---

[2] § 16. *Validity of directions for accumulation of income.* An accumulation of the income of personal property, directed by any instrument sufficient in law to pass such property is valid:

1. If directed to commence from the date of the instrument, or the death of the person executing the same, and to be made for the benefit of one or more minors, then in being, or in being at such death, and to terminate at or before the expiration of their minority.

*     *     *     *     *     *     *

3. All other directions for the accumulation of the income of personal property, not authorized by statute, are void. In either case mentioned in subdivisions one and two of this section a direction for any such accumulation for a longer term than the minority of the persons intended to be benefited thereby, has the same effect as if limited to the minority of such persons, and is void as respects the time beyond such minority.

the instruments would hold the primary beneficiaries entitled to trust income withheld by the trustees.

This result would follow, only, if the court's decision voided, not only the provisions authorizing the accumulation, but also the discretionary power of the trustees to determine the amount distributable to the primary beneficiaries. But the intent of the grantor here is so clear that the trustees should have this power, that no legal reformation of this present instrument would ignore it. The result, then, would be merely to accelerate the next eventual estate, the vested remainder, and hold the remaindermen entitled now to distribution of that portion of the income unlawfully accumulated by the trustees. *In re Donchian's Estate*, 199 N. Y. S. 107; *In re King's Estate*, 200 N. Y. S. 829; *In re Kohler*, 231 N. Y. 353; 132 N. E. 114; *In re Hazelton's Will*, 196 N. Y. S. 333. As petitioner holds that vested remainder interest under each of the trusts, the result to him, in liability for tax upon this income, would be the same. He would have the right, as trustee, to withhold the income from distribution to the primary beneficiaries, in which event it would be distributable and thus taxable to him.

Upon the present record we hold that the disputed income derived from the investment of the trust assets is taxable to petitioner.

*Judgment will be entered under Rule 50.*