HARRIET LOUISE CURTIS, as Administratrix, etc., of THOMAS E. H. CURTIS, Deceased, Respondent, *v.* HARRIET AUGUSTA CURTIS, Individually and as Surviving Trustee of the Trusts Created by and Existing under the Last Will and Testament of SYLVESTER J. CURTIS, Deceased, for the Benefit of HARRIET LOUISA CURTIS and Remaindermen, and HARRIET LOUISA CURTIS, Respondents, Impleaded with ADA FLORENCE CURTIS and Others, Appellants.

First Department, July 11, 1918.

Will — trust provision for benefit of beneficiary during life construed — trustees authorized to continue to hold accumulated income.

A testator left a portion of all the cash, stocks and bonds owned by him at the time of his decease in trust, to keep the same invested for the use and benefit of his daughter during her life " the interest and income of said investments and property of *such* much thereof as may be necessary I direct my said trustees to expend in and about the care and comfort of my said daughter during her life, and from said income to advance to her personally such sum or sums of money, at such time or times as she may wish, and as to my said trustees seems proper."    Said daughter is a woman sixty years old, unmarried, and has always lived with her mother.    She is and for many years has been an invalid and received the care and attention of her mother who supervises and directs on her behalf the expenditure of the income received from the trust.    There is now an unexpended income amounting to nearly $24,000, and it is apparent that the beneficiary is not qualified to handle and conserve such money and she has not requested the payment thereof.

*Held*, that the trustees need not now pay over to the life beneficiary the entire unexpended income, but may continue to hold the same as cus-

todians, and expend it from time to time for the carrying out of the reasonable wishes of the beneficiary, as contemplated and provided by the testator.

There was no intention on the part of the testator that the trustees should accumulate the income.

PAGE, J., dissented, with memorandum.

APPEAL by the defendants, Ada Florence Curtis and others, from parts of a judgment of the Supreme Court in favor of the respondents, entered in the office of the clerk of the county of New York on the 1st day of February, 1918, upon the report of a referee appointed to hear and determine the issues.

*Frederic E. Mygatt,* for the appellants.

*Thomas D. Rambaut,* for the respondent Harriet Augusta Curtis.

*J. Frank McDavitt* and *Robert L. Morrell,* for the respondent Harriet Louisa Curtis.

SHEARN, J.:

The action was brought to settle the accounts of the trustees of a trust created by the 5th paragraph of the will of Sylvester J. Curtis, deceased, and for a construction of the will in respect to the trust provision. It was referred to a referee to hear and determine, and the accounts were stated and allowed. There is no question as to the statement of the account. The sole question is as to the construction of the will and the distribution and payment over of the funds on hand. The creator of the trust, Sylvester J. Curtis, died in September, 1899, leaving him surviving his widow, the respondent Harriet A. Curtis, his son, Thomas E. H. Curtis, now deceased, and his daughter, the respondent Harriet Louisa Curtis. Thomas E. H. Curtis died on August 30, 1915, intestate, leaving him surviving his daughters, the appellants Ada Florence Curtis, Sylvia J. Curtis and Harriet Louise Curtis, and letters of administration on his estate were thereafter granted to said Harriet Louise Curtis. Sylvester J. Curtis, by his will, after giving certain directions to his executors and certain legacies to his grandchildren, gave his stock exchange seat and

one-sixth of his cash, stocks and bonds to his son, said Thomas E. H. Curtis; one-sixth of his cash, stocks and bonds to trustees for the use and benefit of his daughter, said Harriet Louisa Curtis, and all the residue to his widow, said Harriet Augusta Curtis. He then appointed his said wife and son executors and trustees and upon the death of either of them appointed the Union Trust Company of New York trustee in the place of the one so dying. On November 1, 1916, said Union Trust Company assumed the office and duties of trustee.

The trust provision in question is as follows:

" *Fifth.* I give and bequeath to my trustees hereinafter named, one-sixth of all the cash, stocks and bonds I may own at the time of my decease, in trust, to keep the same invested as the same now are so long as it is prudent and safe, and to invest and keep invested the cash portion, if any, of said one-sixth of said cash, stocks and bonds invested for the use and benefit of my daughter, Harriet Louisa Curtis, during her life, the interest and income of said investments and property or *such* much thereof as may be necessary I direct my said trustees to expend in and about the care and comfort of my said daughter during her life, and from said income to advance to her personally such sum or sums of money, at such time or times as she may wish, and as to my said trustees seems proper.

" Upon the death of my said daughter without leaving any child, children or descendants of child or children, I give the said one-sixth of my estate and any accumulations thereon to my wife and son Thomas, equally: should my said daughter die leaving a child or children I give the same to such child, if more than one in equal parts, children of a deceased child to take his or her parent's share."

The said Harriet Louisa Curtis, for whose benefit the trust is created, is more than sixty years old, is unmarried and has always lived with her mother. She is and for many years has been an invalid, and receives the care and attention of her mother, who supervises and directs on her behalf the expenditure of the income received from the trust.

The trust fund in question amounted to about $63,000, and, because of the fact that the life beneficiary lived with and was cared for by her mother, her needs were so moderate

as not to use up the entire income. Accordingly, income has accumulated from year to year and at the time of the accounting there was on hand a balance of unexpended income amounting to $23,852.68. The questions involved in the action, apart from the mere matter of accounting, were whether the will contains a direction to accumulate income, or whether the unexpended income on hand is merely income held by the trustees as custodians which may presently be required for the life beneficiary's needs but which the trustees have not yet deemed it necessary or proper to expend. By an *ex parte* order made July 15, 1916, " the court having in its opinion reasonable ground to believe that said defendant Harriet Louisa Curtis is mentally incapable adequately to protect her rights, although not judicially declared incompetent," Robert L. Morrell, Esq., was designated as a suitable person to be served with a copy of the summons and complaint on behalf of said Harriet Louisa Curtis and to appear for her. Mr. Morrell did so appear and made a statement to the referee that he had visited and conferred with the life beneficiary and that while her mind was clear and her manner natural and rational he did not believe that she would be able to handle business matters without assistance, although there was no occasion for the appointment of any committee. The referee asked Mr. Morrell: " Do you think that in case this money was turned over to her with the assistance of an able attorney like yourself, she would be able to take care of i. just as well? " Mr. Morrell replied: " I think, like all women of her age, and brought up and surrounded as carefully as she has been — somebody always looking out for her — it enervated her business ability; and I think she could readily become the prey of some unscrupulous person who obtained her confidence." He stated further that he supposed her condition was the same as that of hundreds of other women, but that in view of the care she was receiving there was no occasion for having her judically declared incompetent. While, therefore, there is no proof that the life beneficiary is legally incompetent, it is quite apparent that she is not qualified to handle and conserve large sums of money and that it would not be an act of prudence to intrust so large a sum as nearly $24,000 ·to her care. It is further to be noted that the life

beneficiary is entirely indifferent as to whether this money should be paid over to her and has made no request therefor.

While the testator contemplated that the income might be somewhat more than sufficient for his daughter's needs and attempted to dispose of any such possible surplus, which he characterized as an accumulation, there was no express direction to accumulate any of the income of the trust fund. On the contrary, there was specific authority to pay to the life beneficiary the entire income, for provision was not only made for her needs but the trustees were authorized to pay to her out of income such sums of money at such time or times as she wished, provided only that her demands for money were in the judgment of the trustees proper and reasonable. If we were dealing with the question of ownership of any unexpended income that may remain in the hands of the trustees on the death of the life beneficiary, it may well be that we should be compelled to hold that the unexpended income was the property of the life beneficiary, because it could not be held otherwise except by implying and upholding a direction to accumulate income. But the question of ownership is not necessarily involved. The real question is whether the trustees must now pay over to the life beneficiary the entire unexpended income, although the beneficiary has not requested it, or, on the other hand, whether the trustees may not continue to hold the income as custodians and expend it from time to time for the maintenance, needs and for carrying out the reasonable wishes of the beneficiary, as contemplated and provided by the testator. There is no legal reason why the trustees should not continue as custodians of the income unless the intention of the testator that they should accumulate income is so plain as to require the court to find that the will contains a direction to accumulate income. To my mind there was no such intention on the part of the testator. This is the more apparent when we consider the very moderate amount of the trust estate and the fact that, but for the fortunate circumstance that the life beneficiary has for so many years been able to live with her mother, it would doubtless have taken the entire income to maintain a home for her and supply all of her needs. Instead of it having been the intention of the testator to

provide for an illegal accumulation, it seems to me that the testator's clear intention was to enable the trustees to withhold income during times of plenty against a period of need, and that both the intention and its wisdom are strikingly emphasized by the condition of affairs existing at present. The life beneficiary is an invalid, more than sixty years old; her brother is dead; and her mother is very advanced in years. Therefore, there is present danger that the life beneficiary will be left alone and without her mother's care and the home in which she has for so many years been maintained. It is apparent that in this situation a great deal more money will be required for her maintenance and support and to provide for such care as her mother has always given her. Such a situation, especially in view of the increased cost of living, may not only call for the expenditure of the entire annual income but in the course of a few years exhaust the surplus now in the hands of the trustees. I can see no good reason why the trustees should be now compelled to pay over to the life beneficiary the entire unexpended income, when the beneficiary has not asked for it, does not require it, lacks the business ability to take care of it and may readily through improvidence get into a situation where, in the event of her mother's death, the remaining income will hardly provide for her. While there is no evidence that she is mentally unsound, it is very clear that she has no business experience and might readily become the prey of designing persons. To compel this surplus income to be paid over to her under these circumstances, and thus jeopardize her future maintenance and comfort, would run directly counter to the plain wishes and intent of her father, the testator. The more sensible course is to treat the trustees, who are entirely responsible, as custodians of the unexpended income, permit them to safeguard it, and rely on their judgment to take proper care of the life beneficiary and insure her being properly cared for after the death of her mother. It seems to me that the direction to the trustees to pay over this unexpended income, unasked for, in a lump sum to this beneficiary, who is not shown to be competent to take care of herself or her money, is unwise and unnecessary, and there is no compelling legal reason for doing so.

The judgment in so far as appealed from should be modified by providing that the trustees shall continue to hold the income not immediately applied, subject to the provisions of the will affecting income, with costs to all parties appearing payable out of the trust fund. The referee's sixth, seventh, eighth, ninth, eleventh, twelfth and thirteenth conclusions of law, which are inconsistent herewith, are reversed and new findings should be submitted in accordance herewith.

DOWLING, SMITH and MERRELL, JJ., concurred; PAGE, J., dissented.

PAGE, J. (dissenting):

I dissent. In my opinion there is an illegal accumulation of income and a direction for its distribution to others than the life tenant, and the accumulated income belongs to the life tenant.

Judgment so far as appealed from modified as indicated in opinion. Order to be settled on notice.