HARRIET AUGUSTA CURTIS, Individually and as Surviving Trustee of the Trusts Created by and Existing under a Certain Deed of Trust, Dated January 2, 1900, Executed by THOMAS E. H. CURTIS and HARRIET A. CURTIS to Themselves as Trustees, for the Benefit of HARRIET LOUISA CURTIS and Remaindermen, Respondent, *v.* HARRIET LOUISA CURTIS, Respondent, Impleaded with HARRIET LOUISE CURTIS, Individually and as Administratrix, etc., of THOMAS E. H. CURTIS, Deceased, and Others, Appellants.

First Department, December 13, 1918.

Trusts — effect of statement in trust deed executed in foreign State as to residence of settlors upon question of domicile — when trust deed executed in foreign State governed by law of this State — when accumulations of income not contrary to Personal Property Law, section 11 — disposition of income not necessary for use of beneficiary — determination of ultimate ownership of unexpended income.

A declaration in a deed of trust executed while one settlor was sojourning at the home· of her son, the other settlor, in the State of New Jersey that they are " both resident of the City of Plainfield, County of Union and. State of New Jersey " has little force as against the acts of one of the settlors whose domicile is in question.

Evidence *held* insufficient to show any intention on the part of one of the settlors of the trust to abandon her domicile of origin in this State and establish a domicile in New Jersey prior to the execution of the deed.

The foreign domicile of a deceased settlor of a trust executed in a foreign State must give way in favor of the New York domicile of the other

settlor where the property is kept in this State where the beneficiary resides, and where the trust. is being administered here, not only by the surviving trustee but by her cotrustee, a New York trust company appointed in place of a deceased trustee.

A trust executed by a mother and her son in favor of a daughter and sister who is more than sixty years old and is unmarried, and who has always lived with her mother, and for many years has been an invalid and received care and attention from her, which provides that said beneficiary shall be paid during her life the interest and income from the trust property or so much thereof as may be necessary, and as to the trustees may seem proper, and which further provides that upon the death of the beneficiary without issue the trust property and all accumulations shall be paid to the settlors of the trust, construed, and *held*, not to accumulate income contrary to the provisions of sections 11 and 16 of the Personal Property Law.

In so far as the entire income is not required according to the good judgment and discretion of the trustees to be expended in order to support and maintain the beneficiary adequately in accordance with her station in life and the manner in which she had been accustomed to live, the unexpended income should be held by the trustees for the future requirements of the life beneficiary.

The ownership of the entire income is in the beneficiary, and the only limitation upon her right to receive it lies in the valid provision that all payments shall be subject to the approval and good judgment of the trustees, and any unexpended income that may remain in the hands of the trustees on the death of the beneficiary will pass to her representatives, or according to the terms of any valid will which she may make.

APPEAL by the defendants, Harriet Louise Curtis, individually and as administratrix, and others, from parts of a judgment of the Supreme Court in favor of the respondents, entered in the office of the clerk of the county of New York on the 20th day of May, 1918, upon the decision of the court after a trial at the New York Special Term.

The decision confirmed the report of a referee and in accordance therewith construed certain provisions of the deed of trust.

*William M. Wherry, Jr.,* of counsel [*Wherry & Mygatt,* attorneys], for the appellants Harriet Louise Curtis and others.

*William G. Barr* of counsel [*Miller, King, Lane & Trafford,* attorneys], for the appellant Central Union Trust Company of New York, as trustee.

*Thomas D. Rambaut*, for the respondent Harriet Augusta Curtis, as surviving trustee.

*Margaret Douglas* of counsel [*J. Frank McDavitt*, attorney], for the respondent Harriet Louisa Curtis.

*Robert L. Morrell*, assigned by the court, for the respondent Harriet Louisa Curtis.

SHEARN, J.:

The action was brought by Harriet Augusta Curtis, the surviving trustee, after the death of her cotrustee, Thomas E. H. Curtis, for the settlement of the accounts respecting the trusteeship of herself and of her cotrustee, and of herself as surviving trustee, and for the construction of the trust deed. The issues were referred to a referee to hear and determine the same. No objections were made to the accounts filed herein, and the referee made his report allowing the accounts as filed, making certain other findings as to the residence and domicile of the settlors and of the beneficiary of the trust, and construing the trust deed.

Harriet Augusta Curtis, who is one of the two settlors of the trust, one of the two original trustees thereof, and one of the two originally named equal remaindermen thereof, is the mother of Thomas E. H. Curtis, who was the other of the two settlors of the trust, the other of the two original trustees thereof, and the other of the two originally named equal remaindermen. And she is also the mother of Harriet Louisa Curtis, the beneficiary of the trust. The appellants Harriet Louise Curtis, Ada Florence Curtis and Sylvia Curtis White are the granddaughters of Mrs. Curtis, the surviving trustee, and the daughters of Thomas E. H. Curtis, the other trustee, who died on August 30, 1915. The appellant Central Union Trust Company of New York is the alternate trustee, which, on November 1, 1916, entered upon the duties of trustee.

The trust instrument was executed and delivered in Plainfield, N. J., and the settlors were described in the instrument as " both resident of the City of Plainfield, County of Union and State of New Jersey," and the trust was created " for the benefit of Harriet Louisa Curtis of the City of Plainfield, County of Union and State of New Jersey." The

instrument also recites that both settlors contributed equally in the setting up of the trust. It then provides as follows:

" This trust is created for the benefit of Harriet Louisa Curtis of the City of Plainfield, County of Union and State of New Jersey, during her life, and the interest and income derived therefrom or so much thereof as may be necessary, shall be expended in and about her care and comfort during her life, and from out of said income, there shall be advanced to her personally such sum or sums of money, at such time or times, as she may wish, and as to the said Trustees may seem proper.

" Upon the death of the said Harriet Louisa Curtis without leaving any child or children of her own issue, born in holy wedlock, or any legal descendant or descendants of such a child or children, then everything of value, of every kind and nature whatsoever remaining in or subject to this trust, including all bonds, stocks, money, credits, etc., and any and all accumulations thereon from surplus interest and income, shall return and be delivered and paid to and equally divided between the two parties hereto, to wit: Harriet A. Curtis and Thos. E. H. Curtis, and this trust shall thereupon terminate.

" Should the said Harriet Louisa Curtis die leaving a child or children as aforesaid, then the same and all of same shall be given to such child. If more than one, in equal parts; legitimate children of a deceased child as aforesaid to take his or her parent's share."

The said Harriet Louisa Curtis, for whose benefit the trust was created, is more than sixty years old, and is unmarried, and has always lived with her mother. She is, and for many years has been, an invalid and receives care and attention from her mother. By an order of the court made herein on the 13th day of November, 1917, the court having, in its opinion reasonable ground to believe that said Harriet Louisa Curtis was mentally incapable adequately to protect her rights, although not judicially declared incompetent, Robert L. Morrell, Esq., was designated as a suitable person to be served with a copy of the summons and complaint herein on behalf of said Harriet Louisa Curtis, and to appear for her. Mr. Morrell did so appear and took part throughout

the whole proceeding. During the course of administration, the trustees have not paid over the entire income to or for the beneficiary, and there is now on hand the balance of unexpended income in amount $42,837.65 and by the judgment herein it is adjudged that the same is the property of the life beneficiary of the said trust, and that the trustees shall forthwith pay the same over to said Harriet Louisa Curtis. From this part of the judgment appeal has been taken. The question in this appeal has reference to the directions in the judgment above referred to, and it is contended by appellants: (1) That the trust deed is governed by the law of New Jersey and by that law the unexpended income must be held by the trustees (a) for the future requirements of the life beneficiary; and (b) for the remaindermen as provided in the trust. deed. (2) If not governed by the law of New Jersey, but by the law of New York, the unexpended income must be held by the trustees (a) for the future requirements of the life beneficiary, and (b) its ultimate ownership is not necessary to be determined at this time.

There is no question but that if both settlors resided in Plainfield at the time of the execution of the trust, it would be governed by the law of New Jersey. (*Cross* v. *U. S. Trust Co.*, 131 N. Y. 330; *Dammert* v. *Osborn*, 140 id. 30.) It is conceded that the domicile of one of the settlors, Thomas E. H. Curtis, was in New Jersey. Appellants contend that such was also the domicile of Harriet Augusta Curtis, the other settlor of the trust. Mrs. Curtis was born, brought up and married in New York city and her husband, Sylvester J. Curtis, resided all his life in and died a resident of New York city. Mrs. Curtis lived with her husband from the time of her marriage until his death, which occurred in the latter part of September, 1899. Her husband was buried in this State and Mrs. Curtis intends to be buried in the same plot. She claims this to be the State of her domicile and asserts that she has never had any intention of abandoning it. After her husband's death she arranged her affairs at the place where they had been living and went traveling, staying for a short time with her son, Thomas E. H. Curtis, at Plainfield, N. J. This period of traveling continued for upwards of two years, and it is plain that she did not make her home

in Plainfield during this two-year period of travel following her husband's death. Nevertheless, reliance is placed by the appellants upon the declaration contained in the recital in the deed of trust, executed while Mrs. Curtis was sojourning at her son's home, that they are "both resident of the City of Plainfield, County of Union and State of New Jersey." Little force attaches to such a declaration as against what may be called the acts of the person, whose domicile is in question, going to make up the manner and conduct of life, as we held in *Matter of Harkness* (183 App. Div. 396, 407). (See, also, *Matter of Morgan*, 176 App. Div. 909; *United States Trust Co.* v. *Hart*, 150 id. 413, 417; *Matter of Mesa y Hernandez*, 172 id. 467.) The domicile of origin of Mrs. Curtis having been unquestionably in the State of New York, we agree with the referee that there was no substantial evidence showing any intention to abandon the domicile of origin and establish a domicile in New Jersey prior to the execution of the deed of trust. Here, then, as one of the settlors of the trust resided in New Jersey and the other in this State, the usual rule of construing the instrument according to the laws of the State where the instrument was executed and the settlors were domiciled affords no guide. That rule is founded upon comity (*Dammert* v. *Osborn, supra; Cross* v. *U. S. Trust Co., supra*), and the foreign domicile of Thomas E. H. Curtis, deceased, must give way in favor of the New York domicile of Mrs. Curtis in a case where the property is kept in the State of New York, where the beneficiary resides in the State of New York, and where the trust is being administered in the State of New York not only by Mrs. Curtis but by her cotrustee, the Central Union Trust Company of New York, which is located in New York and was appointed trustee in place of Thomas E. H. Curtis upon the latter's death.

Coming now to the trust deed, which must be construed according to the laws of this State, we find that the provision is practically identical with a provision recently construed by this court (*Curtis* v. *Curtis*, 184 App. Div. 274) in a trust created for the same beneficiary by the will of her father, the contention in that case being that the will contained a direction to accumulate income contrary to the provisions

of the statute (Pers. Prop. Law [Consol. Laws, chap. 41; Laws of 1909, chap. 45], § 11; Id. § 16, as amd. by Laws of 1915, chap. 670), and, being void, the beneficiary was entitled to the payment of the entire unexpended income. We held that there was no intention to direct an accumulation; that the testator wished to insure that his daughter should be adequately cared for and, feeling that she could not take care of herself and exercise the best judgment with respect to her needs, committed the matter to competent trustees who were entitled to retain so much of the income as might not be immediately necessary for her needs, so as to make adequate provision for later days when, her mother having died, she might require more income; and that the testator had merely attempted to make a disposition of any unexpended balance that might possibly be left on the death of the beneficiary. The reasons for so holding were fully stated, and need not be repeated. We adhere to that construction and apply it to the practically identical language contained in this deed, which was evidently intended to make more adequate provision for the beneficiary than was provided for in the will.

For the reasons stated in the earlier case, we agree with the appellants that in so far as the entire income is not required, according to the good judgment and discretion of the trustees, to be expended in order to support and maintain the beneficiary adequately in accordance with her station in life and the manner in which she has been accustomed to live, the unexpended income should be held by the trustees for the future requirements of the life beneficiary. It does not appear, and it is not claimed, that the beneficiary has ever made any request for a larger allowance or that the trustees have been unmindful of her just requirements. It did appear in the earlier case, but the evidence is not in this record, that the beneficiary was quite indifferent to whether she should receive presently the entire unexpended income. To turn this large sum over to her now, and needlessly, might seriously jeopardize her future when she will not have her mother to care for her and will require a much larger annual allowance. This would run counter to the provisions of the trust and to its intent.

In the earlier case we did not deem it necessary, under

the proof and pleadings, to determine the ultimate ownership of the unexpended income. In this case, however, where the record is different, where the answer of the beneficiary raises the issue, and where it has been determined by the referee, a majority of the court are of the opinion that it should now be determined. This question of title to the income that may be unexpended at the time of the death of the beneficiary lies between the beneficiary and the remaindermen named in the deed. It seems plain that the latter could not receive any of the surplus income as *remaindermen*, by virtue of the provisions of the deed, unless there be a suspension of the absolute ownership of the property, and this is condemned by the statute. While we are of the opinion that there was no direction to accumulate in view of the circumstances disclosed, namely, that the beneficiary has always been an invalid, that while not mentally unsound she nevertheless is unfitted to care for herself or manage business matters, and that her needs are, as could be foreseen when the deed of trust was executed, likely to increase as the years go by, we are confronted by the indisputable fact that the settlors attempted to dispose of the unexpended income, if any, that might remain in the hands of the trustees on the death of the beneficiary. We are reluctant to adopt a construction which makes a reasonable provision invalid when it is possible to put upon it a construction making it valid. Although there was no express direction to accumulate income, and the intent was to direct the disposition of any unexpended balance which might possibly remain in the hands of the trustees, it is difficult to avoid the conclusion that to uphold such attempted disposition would be tantamount to enforcing a prohibited remainder. This would open up a way to circumvent the statute and would unsettle the law. We, therefore, conclude that the ownership of the entire income is in the beneficiary, that the only limitation upon her right to receive it lies in the valid provision that all payments shall be subject to the approval and good judgment of the trustees, and that any unexpended income that may remain in the hands of the trustees on the death of the beneficiary will pass to her representatives or according to the terms of any valid will which she may make.

Such findings of the referee in conflict with this decision are reversed and new findings will be made in accordance herewith, and the judgment, as so modified, is affirmed, with costs to all parties appearing in this court payable out of the trust fund.

CLARKE, P. J., DOWLING, SMITH and MERRELL, JJ., concurred.

Judgment modified as directed in opinion and as so modified affirmed, with costs to all parties appearing in this court payable out of the trust fund. Order to be settled on notice.