In the Matter of the Estate of WILLIAM H. FRIDAY, Deceased.

Surrogate's Court, Kings County, September 23, 1933.

*Gross & Keck*, for Edward R. Friday.

*Leon R. Jacobs*, for William H. Friday.

*Cullen & Dykman* [*Lyman Sessen* of counsel], for the petitioner.

WINGATE, S. The testamentary direction in controversy provided that the trustee should " pay the net income, or as much thereof as may be necessary in its discretion, to the support and maintenance " of the widow who was an incompetent. The exercise of such discretion has resulted in the expenditure of a sum considerably less than such income and the accumulation of the excess to an amount of approximately $33,000. The life tenant has died and the propounded problem concerns the proper disposition of this accumulated sum. The will directs that upon the death of the widow the principal of the trust shall pass in equal parts to testator's two sons.

No direction for accumulation was inserted in the will and no valid one could be, since the trust was measured by the life of an adult. (Real Prop. Law, § 61; *Kalish* v. *Kalish*, 166 N. Y. 368, 373; *St. John* v. *Andrews Institute for Girls*, 191 id. 254, 277.)

Nevertheless, the action of the trustee in withholding surplus income to provide for possible greater future needs of the incompetent was unexceptionable. (*Matter of Meyer*, 140 Misc. 1, 6, and cases cited.)

The phraseology of the present will differs materially from those adjudicated in the familiar cases of *Matter of Hoyt* (116 App. Div. 217; affd., 189 N. Y. 511) and *Crawford* v. *Dexter* (178 App. Div. 764; affd., 224 N. Y. 586), in that there is here not only no express or implied direction for an accumulation of surplus income, but also no provision for the disposition of any which might accrue.

By the language employed the gift of income to the wife was expressly limited to that portion thereof which the trustee, in its discretion, should deem necessary for her support and maintenance. The extent of the gift thus made has been defined by the action of the trustee in its conduct of the trust. The part which it deemed necessary has been expended as directed, and by reason of the death of the life tenant its total is incapable of increase. There remains, however, $33,000 which did not fall within the terms of the gift as thus practically deliminated. It seems as unreasonable to say that this vested in the life tenant by the terms of the gift, as it would to maintain that because "A" gives " B " half an apple, " B " thereby becomes entitled to the whole. The principle of construction applicable is that *inclusio unius est exclusio alterius*. The express gift to her of only so much of the income as should be found necessary for her maintenance negatives an intention on the part of the testator that she should receive any additional portion thereof.

Speculation as to whether testator believed that her needs would consume the entire income or whether he failed to give any thought to the possibility of any excess, is wholly futile. The simple fact remains that he failed to make any directions in respect to it. In this situation the law intervenes and declares that it shall pass to the next eventual estate which is bequeathed to testator's sons William and Edward (*Matter of Hartfield*, 139 Misc. 214, 218, 219; *Matter of Meyer*, 140 id. 1, 4; *Matter of Mehler*, 143 id. 63, 68; *Matter of Knoll*, 146 id. 613, 615; *Matter of Hopner*, 148 id. 748), and this method of distribution will be pursued.

Proceed accordingly.