John M. Keane, S.
Winfred E. McLain died May 21, 1963. His last will and testament was duly admitted to probate by this court on September 30, 1963. The problems arising on this judicial settlement can be better understood by setting forth the relevant paragraphs of the will rather than paraphrasing them.
The relevant paragraphs are “ eiest, ” “second” and ‘ ‘ third ’ ’ which read as follows:
‘ ‘ first : I hereby direct the payment by my hereinafter named Executor of all my just debts and funeral expenses and all reasonable expenses incurred in the administration of my Estate. (Emphasis supplied.)
“ second : I hereby authorize, empower and direct my hereinafter named Executor to sell my real property consisting of a house and lot commonly known and described as 416 June Street, Endicott, Broome County, New York, to my son, earl l. mc lain, for the sum of Ten Thousand Dollars ($10,000.00), payable under the following terms and conditions
*521 “A. That my said Son, earl l. mc lain, shall complete the purchase of said real property within 90 days following the issuance of Letters Testamentary upon my Estate.
‘ ‘ B. The sale shall include all household furnishings situated in my said house at the time of my death.
“ C. The sum of Seven Thousand Five Hundred Dollars ($7,500.00) shall be paid to my Executor upon transfer of title.
“ D. The sum of Two Thousand Five Hundred Dollars ($2,500.00) shall be paid by my son, earl l. mc lain, to my son, david a. mc lain, when he is certified competent and discharged from the Binghamton State Hospital.
“E. In the event that my son david a. mc lain is not certified competent and discharged from the State Hospital within ten (10) years from the date of my death, then I declare any gift to hkn revoked and I direct the said sum of Two Thousand Five Hundred Dollars ($2,500.00) to be paid equally to my other three sons: EARL L. MO LAIN, GORDON R. MC LAIN, and ROGER E. MC LAIN, share and share alike.
third : The sum of Seven Thousand Five Hundred Dollars ($7,500.00) to be paid to my Executor pursuant to paragraph Two(C) of this will, I give and bequeath to my three sons, earl l. mc lain, Gordon r. mc lain and roger E. mc lain, share and share alike, after payment of expenses of administration and sale.” (Emphasis supplied.)
Decedent’s son, Earl L. McLain, purchased the property for $10,000 in accordance with the provisions of the will. In addition, the account shows the receipt of other principal assets amounting to $1,211.92 and income earned during administration of $318.54. '
The first problem concerns the conflict between paragraphs 1 ‘ first ’ ’ and ‘ ‘ third ’ ’ about the source of payment of administration expenses, funeral expenses and debts.
Paragraph “first” specifically directs payment of “debts and funeral expenses.” These charges amounting to $1,197.89 are payable out of the $1,211.92 of personal property. A balance of $14.03 remains out of the personal property constituting principal.
There is no unequivocal language exonerating this minuscule amount from payment of administration expenses. Decedent was aware that the principal asset of his estate would be his home. This court determines that he realized his personal propety would not pay all the expenses connected with his final farewell. So he directed in paragraph “third” that the $7,500 given to three of his sons be charged with 1 ‘ expenses of administration and sale.”
*522 After the exhaustion of the $14.03, the balance of administration expenses, except as later directed herein, shall be chargeable against the shares of the three sons named in paragraph ‘1 third ’ ’.
The more serious problem concerns the interpretation of paragraphs “D” and “ E ” of paragraph “second” of the will. In order that payment may be properly made, the $2,500 mentioned therein has been paid to the executor for disposition in accordance with the decree judicially settling this account.
At the time of the execution of the will on January 7, 1963, David A. McLain, one of decedent’s sons, was a patient in the Binghamton State Hospital. He is still a patient at the hospital. No committee has been appointed for him. He has not been adjudicated an incompetent but he is being treated for mental illness.
Two questions are posed by the language of the will concerning the $2,500 which is conditionally given to David A. McLain. The court must make some provision that the person holding the funds during a period not to exceed 10 years furnish security to insure its payment in the event that David A. McLain is discharged from the Binghamton State Hospital. In addition, during that period, there is the question of the disposition of the income earned on the $2,500 pending' the delivery of the legacy either to David A. McLain or to his three brothers, Earl L. McLain, G-ordon B. McLain and Roger E. McLain.
As long as different people draw wills, courts will be faced with the problem of interpreting varying forms of language which seek to accomplish the same end result. Rightly or wrongly, there is a tendency on the part of the court to fit some unusual or incomplete language into an existing concept of the law if that is logically possible.
In the present instance, there is no mention of a trust. There is no mention of accumulation. There is no mention of payment of income during the period awaiting the certification of competency of David A. McLain, a period which will end May 21, 1973. While the lot of the court would be simpler if all these items were spelled out, their absence does not make disposition impossible.
Expressed in the terms of the market place, the decedent ivanted his son David to receive the legacy if he became well before May 21,1973. Otherwise, he wanted it to go to his other three sons. His Avishes were as simple as that. To implement this desire ivas the task of the draftsman. Since the draftsman did not set forth specifically the treatment of the fund during *523 the period permitted for the fulfillment of the condition imposed on the bequest, the court must make that determination.
The basic question relates to the applicability of section 63 of the Real Property Law, which reads in part as follows: “ When, in consequence of a valid limitation of a future estate, there is a suspension of the power of alienation, or of the ownership, during the continuance of which the rents and profits are undisposed of, and no valid direction for their accumulation is given, such rents and profits shall belong to the persons presumptively entitled to the next eventual estate.” Counsel for the petitioner contends that the income earned on the $2,500 being held for David A. McLain belongs to his three brothers, Earl L. McLain, Gordon R. McLain and Roger E. McLain, as the persons presumptively entitled to the next eventual estate.
The petitioner cites Matter of Shupack (158 Misc. 873 [1936]) to support his position. Strong support it is indeed. The facts, as far as the person under the disability is concerned, are almost identical. In both cases the decedent had a son under a disability. In Matter of Shupack (supra) payment was not to be made unless the son was cured. In the instant will, payment was to be made only if the son were cured within 10 years.
In the Shupack case a trust was created. In the present case the court determines that the bequest to David A. McLain is on a condition precedent. This difference is not deemed significant by the court as far as the question of the disposition of the income is concerned.
In a long and characteristically scholarly decision, the late Surrogate Wingate discusses the applicability of section 63 of the Real Property Law in Matter of Shupack (supra). In the Shupack case, if the son became cured, he would receive the corpus of the trust. Similarly, if David A. McLain is certified to be competent before May 21, 1973, he is entitled to his bequest. One might think that, under those circumstances, the son would be the holder of the next eventual estate.
Judge Wingate invoked another presumption of the law upon which to base his decision that the next eventual estate was not the son under the disability but the widow and children of the decedent. At page 895 he said: “ The son receives no present interest in the remainder. His acquirement of a future right therein is subject to the condition precedent that he shall become competent, which, being an alteration of his presently existing state, is one concerning which the law will indulge no presumption. ’ ’
With this premise, Judge Wingate stated that there was no presumption that the present state of Oscar Shupack would *524 change and, therefore, he could not presumptively be entitled to the next eventual estate.
At the time of the decision in Matter of Shupack (supra), there could be no valid accumulation except during a minority. Since September 1,1959, the law of New York has been changed. Now there can be a valid accumulation for the same period for which there can be a suspension of a power of alienation. (Real Property Law, § 61.) Long ago the following language was stated in Cochrane v. Schell (140 N .Y. 516, 527 [1894]): “ There was no express direction for the accumulation of the large surplus income which would be likely to arise and be received by the trustees, nor any express disposition thereof as such made by the will. But in the absence of any express direction for accumulation or other disposition, it would be the duty of the trustees under the will to retain and accumulate it, and from this duty a direction for accumulation is implied. (Gilman v. Reddington, 24 N. Y. 9.) ”
While the implied direction to accumulate under the doctrine of Cochrane v. Schell (supra) was invalid at that time, such an implied direction is valid at the present time. Therefore one of the conditions of section 63 of the Beal Property Law is not met, namely that ‘ ‘ no valid direction for their accumulation is given.” Therefore, this court determines that there is an implied direction to accumulate the income on the sum of $2,500 during the period ending not later than May 21, 1973, during which the condition imposed can be satisfied.
The share given to David A. McLain is chargeable with the estate tax levied in this estate because his conditional bequest has produced the tax. In addition, the allowance to the special guardian shall be paid out of the bequest given to David A. McLain.
The decree shall direct that the sum of $2,500 (less the share of the estate tax and the allowance to the special guardian) and any income earned thereon during the administration of the estate be paid to Earl L. McLain, upon his furnishing security satisfactory to the court, who shall hold the same and the accumulations of income earned thereon until David A. McLain is certified competent and discharged from the Binghamton State Hospital or until May 21, 1973, whichever date first occurs.
In the event that David A. McLain is certified competent and discharged from the Binghamton State Hospital prior to May 21, 1973, the principal sum and the accumulated income thereon shall be paid to David A. McLain. In the event that David A. McLain is not certified as competent and discharged from the Binghamton State Hospital on or before May 21, 1973, Earl L. *525 McLain shall deliver the principal sum and the aec-uriiuiated income thereon to himself, his brother Gordon R. McLain and his brother Roger E. McLain equally share and share alike in accordance with the terms of the will.