John. D. Bennett, J.
This is an accounting proceeding wherein the trustee requests the court to construe decedent’s will. Decedent died in 1963 and under the terms of his will he provided in article fifth for the creation of various trusts for the benefit of the children of his predeceased daughter, Alessandra Cheney Appleby. Mrs. Appleby was survived by four children who are the beneficiaries of the trusts so created. One of the beneficiaries of the trust, Ward C. Appleby, died in 1973 at the age of 18. The sole issue to be determined by the court is the disposition of accumulated income in the Ward C. Appleby trust amounting to approximately $39,000. The relevant article of the will, article fifth A. 2 (b)(i) states in part:
"I give, devise, and bequeath each share set aside for a child of my said *67 deceased daughter who survives me to my Trustee hereinafter named, in trust, nevertheless, for the benefit of such child (hereinafter referred to as the 'Beneficiary’) and to pay to, or apply for the benefit of, such Beneficiary so much of the net income or principal of the trust for his or her benefit as my Trustee, in its absolute discretion, deems necessary for the education, maintenance, support, health, welfare, or comfort of such Beneficiary, provided that, prior to such Beneficiary’s attaining the age of twenty-one (21) years, if any of them then be surviving, such payments or applications shall be made only upon the approval first obtained of such of the following named as shall be living and in the order named: my wife, Frances Davison Cheney; her nephew, Endicott P. Davison; or her nephew, Daniel P. Davison. In exercising the foregoing discretions, my said wife, Frances Davison Cheney, her said nephews, Endicott P. Davison and Daniel P. Davison, and my Trustee may, but shall not be required to, take into consideration any other support or income to which the Beneficiary is entitled. The foregoing discretions may be exercised to the entire exhaustion and termination of the trust. When the Beneficiary attains the age of thirty (30) years, the trust shall terminate and my Trustee shall assign, transfer, and deliver the principal of the trust as then constituted to such Beneficiary, absolutely.
"In the event of the death of the Beneficiary prior to attaining thirty (30) years of age, my Trustee shall assign, transfer, and deliver the principal of the trust fund as then constituted to the then living issue of such Beneficiary, per stirpes, or, if there be no such issue, to the then living issue of my deceased daughter, Alessandra Cheney Appleby, per stirpes, or, if no issue of my deceased daughter, Alessandra Cheney Appleby, survive such Beneficiary, to my then living issue, per stirpes, provided however, that, if at the time of any such distribution there is in existence a trust for any such issue of my deceased daughter, Alessandra Cheney Appleby, or any such issue of mine under the provisions of this my Will, the share of such issue shall be added to, and administered as a part of, the principal of such trust.”
It is the petitioner’s contention that the accumulated income should be distributed to the remaining trusts for Ward C. Appleby’s sisters while the respondent, the administrator of the deceased beneficiary’s will, contends that such accumulated income rightfully belongs to the estate of Ward C. Appleby and should be distributed as such.
The respondent relies on EPTL 9-2.3 which reads as follows: "When income is not disposed of and no valid direction is given for its accumulation it passes to the persons presumptively entitled to the next eventual estate.” It follows from the statute that, if a valid direction is given for accumulation, there was no undistributed income during the income beneficiary’s lifetime. Directions for accumulations may be either expressed or implied. While concededly here there is no express direction to accumulate, there is discretion to withhold income from the beneficiary. Whether a discretionary trust in New York implies a direction to accumulate has met with mixed results.
A number of cases have repeatedly held that a discretionary *68 trust involves neither accumulations nor undisposed of income but that the entire income is given to the beneficiary with the trustee acting as custodian merely to postpone payment with the unexpended income being paid to the beneficiary’s estate on his death (Curtis v Curtis, 185 App Div 391; Matter of Littman, 165 Misc 285, 291; Matter of Danziger, 58 NYS2d 790 and cases there cited). Other cases, such as Cochrane v Schell (140 NY 516, 527) have found an implied direction to accumulate under similar circumstances in the following language: "There was no express direction for the accumulation of the large surplus income which would be likely to arise and be received by the trustees, nor any express disposition thereof as such made by the will. But in the absence of any express direction for accumulation or other disposition, it would be the duty of the trustees under the will to retain and accumulate it, and from this duty a direction for accumulation is implied.” (See also, Matter of Volckening, 70 Misc 2d 129, 135.)
Prior to September 1, 1959 a direction in a trust to accumulate income for other than a minor during his minority was invalid (former Personal Property Law, § 16 and Real Property Law, § 61). Equally barred was a direction to disburse a valid accumulation made during minority to a person other than the minor (Hawthorne v Smith, 273 NY 291; Morris v Morris, 272 NY 110). The New York statutory approach has been characterized as "an extremely strict limit on the permissible duration of an accumulation” (9B Rohan, N. Y. Civ. Prac. par. 9-2.1[1][e]). Professor Powell (58 Col. L. Rev. 1196, 1207), commenting on the pre-1959 New York accumulations law, stated: "(D)irections for the accumulation of income often serve desired and justifiable purposes of property settlors. It is often most unsuitable to have income of a trust fund accumulated until a child becomes twenty-one, and then to have the funds so accumulated dumped into the inexperienced hands of this child on his twenty-first birthday. Of course it is socially undesirable to allow a direction of accumulations for too long a period of time, but this does not justify the uniquely tight statute of New York.”
Cases such as Curtis v Curtis (supra); Matter of Littman (supra) and others which found no implied direction to accumulate from a discretion to withhold income resulted from efforts to avoid the unnecessarily strict New York accumulation law. These cases shunned finding an accumulation to *69 avoid imputing an unlawful purpose to the testator or settlor. The reasoning in Cochrane v Schell (supra) which found a direction to accumulate by necessary implication is more logical even though at that time the accumulation was invalid. Following that holding, the discretionary trust here is construed as directing an accumulation of all income that was not expended for the beneficiary. While the implied direction to accumulate in Cochrane v Schell (supra) was invalid at that time, the present New York accumulation law which has been substantially modified and liberalized, validates such a direction (EPTL 9-2.1). Therefore, the condition of EPTL 9-2.3 that "no valid direction is given for its accumulation” was not met during the income beneficiary’s life and accordingly there was no undistributed income during that period (Matter of McLain, 49 Misc 2d 519). At this point however, the income validly accumulated is now, following his death, undisposed of by the will.
Most pre-1959 cases would require that the undisposed of income be paid to the estate of the income beneficiary, not based on intention (because in most cases the testator’s intention was frustrated) but primarily because payment of any accumulation to other than the minor or his estate was then prohibited (Hawthorne v Smith, supra, and Morris v Morris, supra). Commenting on this approach, Surrogate Wingate in Matter of Friday (148 Misc 899, 900) stated: "It seems as unreasonable to say that this vested in the life tenant by the terms of the gift, as it would to maintain that because 'A’ gives 'B’ half an apple, 'B’ thereby becomes entitled to the whole. The principle of construction applicable is that inclusio unius est exclusio alterius. The express gift to her of only so much of the income as should be found necessary for her maintenance negatives an intention on the part of the testator that she should receive any additional portion thereof.” (See also Matter of Volckening, supra; Matter of Levine, NYLJ May 16, 1966, p 20, col 6; 2 Scott on Trusts [3d ed], § 128.4, p 1027.)
It is apparent here that the testator wished the income beneficiary to receive only such sums as the trustee in its discretion decided to apply for his benefit. While there is no direct disposition of the accumulation, as was noted in the Friday case, to say that the income beneficiary who is not entitled to the accumulated income during his lifetime would be automatically entitled to such income by payment to his *70 estate following his death is incongruous. Moreover, such a holding would result in the accumulation being paid to the deceased’s beneficiary’s father, a stranger to the testator’s blood.
No consideration has been given to the attorney’s memorandum made in connection with drafting the will since it contains direct statements of intention which are not admissible (7 Warren’s Heaton [6th ed], NY Surrogates’ Courts, § 30). As Surrogate Wingate concluded in Matter of Friday (supra, p 900): "The simple fact remains that he failed to make any directions in respect to * * * [accumulated income]. In this situation the law intervenes and declares that it shall pass to the next eventual estate”. Accordingly, the accumulated income is directed to be added to the trusts for the sisters of the deceased income beneficiary (EPTL 9-2.3).